UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MAULDIN, | CASE NO. 1:05-CV-00892-AWI-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| K. MENDOZA POWERS, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Charles Mauldin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 11, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California State Prison-Avenal, where plaintiff is currently incarcerated. Plaintiff names Warden Kathy Mendoza Powers, Correctional Lieutenant C. Butts, Facility Captains A. Godfrey and J. Castro, and Sergeant P. Arredondo as defendants. Plaintiff is seeking money damages.

In his complaint, plaintiff alleges that he was questioned on May 18, 2004, regarding a battery that occurred between inmates. Plaintiff alleges that he informed defendant Arredondo that another inmate hit inmate Sessions, but that he was unable to identify the inmate. Shortly thereafter, plaintiff was placed in administrative segregation pending an investigation. Plaintiff alleges he

///

remained in segregation for thirty days, at which time he was released back to general population.

Plaintiff's remaining allegations are less clear.[1] At some point in time, plaintiff was charged with battery. The charges were later reduced to mutual combat. It is not clear if plaintiff was found guilty or not guilty, and if plaintiff was found guilty, it is not clear what punishment was imposed upon him. Plaintiff alleges that defendants' actions violated his due process rights, his Miranda rights, and his right to equal protection.

### 1.    Due Process Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff has not alleged any facts that establish the existence of a liberty interest in remaining free from administrative segregation created by state law. Sandin, 515 U.S. at 484; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary

---

[1] Plaintiff cites to the rules violation report as Exhibit A in his complaint. However, there are no exhibits attached to the complaint.

incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from administrative segregation, plaintiff fails to state a claim upon which relief may be granted under section 1983 for deprivation of procedural due process.

### 2. Miranda Claim

The Fifth Amendment protects a person from being compelled to be a witness against himself in a criminal case. U.S. Const. amend. V.  Custodial interrogations must be preceded by a Miranda warning.[2]  Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  Miranda v. Arizona, 384 U.S. 436, 444 (1966).  In contrast to custodial interrogation, general on-the-scene questioning as to facts surrounding a crime does not require a Miranda warning.  Id. at 477; Cervantes v. Walker, 589 F.2d 424, 427 (9th Cir. 1979).  Investigatory questioning inside a prison does not always require a Miranda warning.  Cervantes at 427 (rejecting the proposition that any interrogation during prison confinement constitutes custodial interrogation requiring Miranda warnings); United States v. Turner, 28 F.3d 981, 983 (9th Cir. 1994).  Plaintiff's vague allegation that his Miranda rights were violated is insufficient to give rise to a claim for relief under section 1983.

### 3. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection

---

[2] In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court stated that, "[p]rior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney . . . ."  The purpose of these procedural safeguards, which became known as the Miranda warning, is to secure the Fifth Amendment privilege against self-incrimination.  Id.

4

claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Although plaintiff alleges that his right to equal protection was violated, plaintiff has not alleged any facts that support a claim for relief under section 1983 for violation of the Equal Protection Clause.

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   March 1, 2006**                              /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE