# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHARLES MAULDIN,

                Plaintiff,

    v.

K. MENDOZA POWERS, et al.,

                Defendants.

_____/

CASE NO. 1:05-CV-00892-AWI-SMS-P

ORDER DISMISSING PLAINTIFF'S
AMENDED COMPLAINT FOR FAILURE TO
STATE ANY CLAIMS, AND REQUIRING
PLAINTIFF TO FILE A SECOND AMENDED
COMPLAINT WITHIN THIRTY DAYS

(Doc. 9)

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

       Plaintiff Charles Mauldin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 11, 2005.  On March 2, 2006, the court dismissed plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted under section 1983.  Plaintiff filed an amended complaint on March 31, 2006.

       Plaintiff is seeking monetary damages against defendants K. Mendoza Powers, A. Godfrey, C. Butts, D. Clendaniel, M. Steward, F. Vargas, C. Nason, J. Badilla, and P. Arredondo.  The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff is presently incarcerated.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

By

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

1.   Attack Occurring on January 21, 2004

In his amended complaint, plaintiff alleges that on January 21, 2004, he was attacked by another inmate.  Plaintiff alleges defendant Vargas was one of the first officers to arrive and rather than stopping the attack, he encouraged plaintiff to strike his attacker with an iron, while plaintiff

1   was being stabbed by his attacked.  Plaintiff alleges defendant Nason falsified a report concerning

2   how the incident occurred, and defendant Butts ordered defendant Badilla to place plaintiff in

3   segregated housing.  Plaintiff alleges that all of the defendants, including Warden Mendoza Powers

4   and Associate Warden Godfrey, negligently failed to protect him from his attacker.

5          To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under

6   color of state law and (2) that the defendant deprived him of rights secured by the Constitution or

7   federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  "Section 1983 . . .

8   creates a cause of action for violations *of the federal Constitution and laws*."  Sweaney v. Ada

9   County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted) (emphasis added).

10  Negligence is insufficient to rise to the level of a constitutional violation with respect to a failure-to-

11  protect claim.  Farmer v. Brennan, 511 U.S. 825, 835 (1994); Frost v. Agnos, 152 F.3d 1124, 1128

12  (9th Cir. 1998).  Because plaintiff is alleging negligent conduct, his allegations do not state a claim

13  upon which relief may be granted under section 1983.  The court will provide plaintiff with the

14  opportunity to file an amended complaint because plaintiff has not previously been given leave to

15  amend this claim.[1]

16         The failure to protect an inmate from harm may give rise to a claim for relief under section

17  1983.  However, the claim alleged must rise to the level of an Eighth Amendment violation.  To

18  constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions

19  must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S.

20  337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must

21  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.;

22  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246

23  (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

24  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk

25  of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

26  ///

27

28         [1] Plaintiff did not allege this claim in his original complaint.  By this order, plaintiff shall be precluded from adding any new and/or different events in his second amended complaint.

1   The deliberate indifference standard involves an objective and a subjective prong.  First, the
2   alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511
3   U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official
4   must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S.
5   at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane
6   conditions of confinement only if he knows that inmates face a substantial risk of harm and
7   disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

8   Based on the allegations set forth in the amended complaint, plaintiff may be able to state a
9   claim against defendant Vargas for failing to protect him by stopping the attack.  However, plaintiff's
10  allegations would not support a claim for relief against any other named defendant.  Involvement in
11  the documentation of the incident and in the placement of plaintiff in segregation do not provide a
12  basis upon which to impose liability for failing to protect plaintiff from the attack.

13  Further, plaintiff may not impose liability on defendants Mendoza Powers and Godfrey based
14  on their supervisory positions.  Under section 1983, liability may not be imposed on supervisory
15  personnel for the actions of their employees under a theory of respondeat superior.  When the named
16  defendant holds a supervisorial position, the causal link between the defendant and the claimed
17  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
18  Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
19  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some
20  facts indicating that the defendant either: personally participated in the alleged deprivation of
21  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
22  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
23  is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
24  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

25      2.   Placement in Administrative Segregation Following Incident on May 18, 2004
26
27  On May 18, 2004, defendant Arredondo approached plaintiff concerning an incident in which
28  another inmate was beaten bloody.  Plaintiff alleges he was not involved but was blamed and placed

4

in administrative segregation (ad-seg) while an investigation was conducted.  Plaintiff was charged with battery on an inmate and locked up for approximately thirty days.  Plaintiff alleges that he is sixty-seven years old and the other inmate was half his age.  Plaintiff alleges he could not have done the things he was accused of and defendants acted to retaliate against him for filing lawsuits against them.  Plaintiff alleges that although later that month another inmate was charged with the incident and placed in ad-seg, plaintiff continued to be confined in ad-seg.

Plaintiff alleges an Eighth Amendment excessive force claim, a Fifth Amendment Miranda claim, and a Fourteenth Amendment personal protection claim.

1.   Claim One - Excessive Force

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Plaintiff has not alleged any facts which support a claim that any of the named defendants used excessive physical force against him.  Accordingly, plaintiff fails to state a claim for excessive force in violation of the Eighth Amendment.

1

2.    Claim Two - Fifth Amendment

2      Plaintiff alleges that he was placed in ad-seg because he refused to provide information to

3  the administration, which violated his right under the Fifth Amendment to remain silent.  The Fifth

4  Amendment protects a person from being compelled to be a witness against himself in a criminal

5  case.  U.S. Const. amend. V.  Custodial interrogations must be preceded by a Miranda warning.[2]

6  Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person

7  has been taken into custody or otherwise deprived of his freedom of action in any significant way."

8  Miranda v. Arizona, 384 U.S. 436, 444 (1966).  In contrast to custodial interrogation, general on-the-

9  scene questioning as to facts surrounding a crime does not require a Miranda warning.  Id. at 477;

10  Cervantes v. Walker, 589 F.2d 424, 427 (9th Cir. 1979).  Investigatory questioning inside a prison

11  does not always require a Miranda warning.  Cervantes at 427 (rejecting the proposition that any

12  interrogation during prison confinement constitutes custodial interrogation requiring Miranda

13  warnings); United States v. Turner, 28 F.3d 981, 983 (9th Cir. 1994).  Plaintiff's vague allegation

14  that his Miranda rights were violated is insufficient to give rise to a claim for relief under section

15  1983.

16      Plaintiff has not alleged any facts which support a Fifth Amendment claim.  Plaintiff was

17  questioned following an attack on another inmate and, after refusing to provide information to the

18  administrative regarding the incident, was placed in ad-seg for approximately thirty days while an

19  investigation was conducted.  (Amend. Comp., 7:7-9 & 11:6-8.)  These facts do not support a claim

20  that plaintiff's rights under the Fifth Amendment were violated because he was not given a Miranda

21  warning.

22

3.    Claim Three Personal Protection

23      Plaintiff's third claim purports to be based on violation of his Fourteenth Amendment right

24  to personal protection.  The allegations set forth for this claim appear to be excessive force, which

25

26      [2] In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court stated that, "[p]rior to any

27  questioning, the person must be warned that he has the right to remain silent, that any statement he does make may
be used as evidence against him, and that he has a right to the presence of an attorney . . . ."  The purpose of these
procedural safeguards, which became known as the Miranda warning, is to secure the Fifth Amendment privilege

28  against self-incrimination.  Id.

1  has already been addressed in claim one, and equal protection. (Amend. Comp., 13:6-14:6.) Claim

2  three is not a cognizable legal claim.  In the subsections that follow, the court will address the

3  miscellaneous violations plaintiff sets forth throughout his amended complaint but which are not

4  specifically pled as claims, including equal protection.

5         4.   <u>Other Claims</u>

6       Plaintiff specifically alleges only the three claims previously discussed.  However, the

7  allegations set forth in plaintiff's amended complaint suggest, either explicitly or implicitly, that

8  plaintiff is attempting to pursue the following four claims.

9         a.   <u>Due Process Claim</u>

10       The Due Process Clause protects against the deprivation of liberty without due process of

11  law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

12  Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

13  protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

14  law.  <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

15  confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

16  <u>Wilkinson</u>, 125 S.Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Under state law, the

17  existence of a liberty interest created by prison regulations is determined by focusing on the nature

18  of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Such interests are limited to

19  freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

20  to the ordinary incidents of prison life."  <u>Id</u>. at 484.

21       The Due Process Clause itself does not confer on inmates a liberty interest in being confined

22  in the general prison population instead of ad-seg, <u>see Hewitt</u>, 459 U.S. at 466-68, and plaintiff has

23  not alleged any facts that establish the existence of a liberty interest in remaining free from ad-seg

24  created by state law.  <u>Sandin</u>, 515 U.S. at 484; <u>see also</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir.

25  1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from

26  state action taken within sentence imposed and administrative segregation falls within the terms of

27  confinement ordinarily contemplated by a sentence) (quotations omitted); <u>Resnick v. Hayes</u>, 213

28  F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of

7

1   confinement normally expected by inmates in relation to ordinary incidents of prison life and,

2   therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU)

3   (quotations omitted).  Without establishing the existence of a protected liberty interest, plaintiff may

4   not pursue a claim in this action based on denial of procedural due process.

5   Further, due process requires only that prison officials "hold an informal nonadversary

6   hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the

7   prisoner of the charges against [him] or the reasons for considering segregation," and that the

8   prisoner be allowed "to present his views."  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th

9   Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel

10   or counsel substitute, an opportunity to present witnesses, or a written decision describing the

11   reasons for placing the prisoner in administrative segregation." Id. Although plaintiff disagrees with

12   the decision to retain him in ad-seg, plaintiff has not alleged any facts supporting a claim that he was

13   deprived of the minimal procedural protections he was due under federal law regarding his

14   placement in ad-seg. Therefore, even if plaintiff had alleged facts sufficient to establish the existence

15   of a liberty interest in remaining free from ad-seg, plaintiff was not deprived of his liberty interest

16   without due process of law.

17                                b.        Eighth Amendment Claim

18   Plaintiff's excessive force claim has already addressed in a preceding subsection.  However,

19   plaintiff also generally alleges that his placement in ad-seg violated the Eighth Amendment.  This

20   claim is without merit.

21   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

22   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

23   (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

24   to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme

25   deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

26   Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part

27   of the penalty that criminal offenders pay for their offenses against society, only those deprivations

28   denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

8

1   of an Eighth Amendment violation." Id. (quotations and citations omitted).   Placement in

2   administrative segregation does not constitute an extreme deprivation rising to the level of an Eighth

3   Amendment violation.

4                                    c.      Equal Protection Claim

5          Plaintiff once again alleges an equal protection claim.   Equal protection claims arise when

6   a charge is made that similarly situated individuals are treated differently without a rational

7   relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S.

8   1 (1972).   In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the

9   Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination

10  against plaintiff or against a class of inmates which included plaintiff.   Village of Willowbrook v.

11  Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese

12  v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d

13  1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.

14  1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).   "A plaintiff must allege facts,

15  not simply conclusions, that show that an individual was personally involved in the deprivation of

16  his civil rights." Barren, 152 F.3d at 1194.

17         Plaintiff's amended complaint is devoid of any facts which support an equal protection claim.

18                                   d.      Retaliation

19         Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

20  the government may support a section 1983 claim.   Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

21  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

22  F.3d 802, 807 (9th Cir. 1995).   "Within the prison context, a viable claim of First Amendment

23  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

24  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

25  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

26  a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

27         Plaintiff alleges that he was placed in ad-seg because he previously filed lawsuits against

28  defendants.   Plaintiff's allegation is very conclusory and the amended complaint does not contain

                                              9

any more specific allegations linking defendants, by name, to the placement of plaintiff in ad-seg

because his of litigation activity.  Indeed, plaintiff alleges that following an incident in which another

inmate was beaten bloody, he was placed in ad-seg while an investigation was conducted, after

refusing to answer any questions.  These allegations do not support a claim that plaintiff was placed

in ad-seg in retaliation against him for exercising his protected First Amendment rights, without any

legitimate correctional purpose motivating the action complained of.  Pratt v. Rowland, 65 F.3d 802,

808 (9th Cir. 1995).

  C.  Conclusion

   Plaintiff's amended complaint does not state any claims upon which relief may be granted

under section 1983.  The court will provide plaintiff with one final opportunity to file an amended

complaint curing the deficiencies identified by the court in this order.  Plaintiff may only amend the

claims relating to the events set forth in the amended complaint.  Plaintiff may not add any new

claims based on new and/or different events.  If plaintiff's second amended complaint violates this

directive, it will be ordered stricken from the record.

   Plaintiff is informed he must demonstrate in his complaint how the conditions complained

of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).

   Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4.     Plaintiff may only amend the claims relating to the events set forth in the amended complaint, and may not add any new claims based on new and/or different events;

5.     If plaintiff's second amended complaint does not comply with this order, it will be ordered stricken from the record; and

6.     If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 10, 2006**                    **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE